IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD HAYES,** | : | CIVIL ACTION NO. 1:25-CV-1766 |
| Plaintiff | : | (Judge Neary) |
| v. | : | |
| **LEBANON COUNTY PRISON,** | : | |
| Defendant | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Richard Hayes, alleges that he is being denied medical care for his hearing loss. Hayes's complaint will be dismissed without prejudice, and he will be granted leave to file an amended complaint.

## I.      Factual Background & Procedural History

Hayes has been detained in Lebanon County Prison at all relevant times. He filed this case on September 13, 2025, and the court received and docketed it on September 23, 2025. (Doc. 1). The complaint's factual allegations are limited to one paragraph as follows:

> Ok so I have loss of hearing in my right ear and was basically denied for treatment[.] The dates should be in medical computer system[.] I've lost paper work and dates over time, but it's completed around Dec[ember]/March/Feb[ruary] to the best of my knowledge[.]

(Id. at 2-3). Hayes seeks either injunctive relief requiring the prison to provide "proper medical treatment" or "money for not being properly medically treated." (Id. at 3).

**II.     Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

2

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is

facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. Discussion

Hayes's federal constitutional claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The court liberally construes Hayes's complaint as asserting a claim for deliberate indifference to a serious medical need in violation of the Fourteenth

Amendment.[3] To state such a claim, Hayes must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale, 318 F.3d at 582 (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).

Hayes's complaint fails to state a deliberate indifference claim upon which relief may be granted. The complaint alleges that Hayes has been denied medical care for his hearing loss, but there are simply no factual allegations in the complaint from which it can be concluded that this amounted to deliberate indifference. A bare allegation that plaintiff was denied care on two unspecified occasions is simply insufficient to allege deliberate indifference. Additionally, Lebanon County Prison is the only defendant named in the complaint, but a county prison is not a proper defendant to a Section 1983 civil rights suit. See, e.g., Edwards v. Northampton County, 663 F. App'x 132, 136 (3d Cir. 2016); Beaver v. Union County Pennsylvania, 619 F. App'x 80, 83 (3d Cir. 2015); Lenhart v. Pennsylvania, 528 F. App'x 111, 114 (3d Cir. 2013).

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. Hayes will be granted leave to amend his complaint

---

[3] Because Hayes is housed in a county correctional facility, the court assumes that he is a pretrial detainee, which means that his claim for deliberate indifference is governed by the due process clause of the Fourteenth Amendment rather than the Eighth Amendment protection against cruel and unusual punishment. See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). The Fourteenth Amendment "affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" Id.

because the court cannot conclude that such an amendment would be inequitable or futile. Hayes is cautioned, however, that to proceed on a civil rights claim, he must name individual defendants who were personally involved in the alleged denial of his civil rights and cannot proceed on a claim against Lebanon County Prison as a defendant. See, e.g., Edwards, 663 F. App'x at 136. His amended complaint must additionally allege sufficient facts to state a claim upon which relief may be granted.

## IV.    Conclusion

Hayes is granted leave to proceed *in forma pauperis*, and his complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. Hayes is additionally granted leave to file an amended complaint. An appropriate order shall issue.

>               /S/ KELI M. NEARY
> Keli M. Neary
> United States District Judge
> Middle District of Pennsylvania

Dated:     October 20, 2025